ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 1. DO THE PROVISIONS OF THE OKLAHOMA PERSONNEL ACT, 74 O.S. 840.1 (1991) ET SEQ., AND THE JOB COUNSELLING, TRAINING AND PLACEMENT SERVICE PROGRAM IN TITLE 38 OF THE UNITED STATES CODE, 38 U.S.C.A. 4100, ET SEQ., REQUIRE THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION (THE "OESC") TO PROHIBIT NON-DISABLED VETERANS OR NONVIETNAM VETERANS FROM APPLYING FOR CLASSIFIED STATE POSITIONS WITHIN THE OESC?
 2. DOES THE INTENT OF TITLE 38 U.S.C.A. 4100 ET SEG., TO REDUCE UNEMPLOYMENT AND UNDEREMPLOYMENT OF DISABLED VETERANS AND VIETNAM VETERANS, REQUIRE THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION TO OPEN A POSITION TO APPLICANTS OUTSIDE THE OESC AND OTHER STATE AGENCIES?
BECAUSE YOUR QUESTIONS CAN BE ANSWERED BY A REVIEW OF THE APPLICABLE STATUTES, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU RAISED.
FOLLOW-UP CONVERSATIONS WITH YOU AND A REPRESENTATIVE OF THE OKLAHOMA PUBLIC EMPLOYEES ASSOCIATION INDICATED THAT THE GIST OF THESE QUESTIONS RELATES TO POSITIONS CREATED IN38 U.S.C.A. 4103A AND 38 U.S.C.A. 4104. SECTION 4103A PROVIDES, IN PART:
 "(A)(1) THE AMOUNT OF FUNDS MADE AVAILABLE FOR U E IN A STATE UNDER SECTION 4102A(B)(5)(A)(I) OF (TITLE 38) SHALL BE SUFFICIENT TO SUPPORT THE APPOINTMENT OF ONE DISABLED VETERANS' OUTREACH SPECIALIST FOR EACH 5,300 VETERAN OF THE VIETNAM ERA AND DISABLED VETERANS RESIDING IN SUCH STATE. EACH SUCH SPECIALIST SHALL BE QUALIFIED VETERAN REFERENCE SHALL BE GIVEN IN THE APPOINTMENT OF SUCH SPECIALIST TO QUALIFIED DISABLED VETERANS OF THE VIETNAM ERA. IF THE SECRETARY OF LABOR FINDS THAT A QUALIFIED DISABLED VETERAN OF THE VIETNAM ERA IS NOT AVAILABLE FOR ANY SUCH APPOINTMENT, PREFERENCE FOR SUCH APPOINTMENT SHALL BE GIVEN TO OTHER QUALIFIED DISABLED VETERANS. IF THE SECRETARY FINDS THAT NO QUALIFIED DISABLED VETERAN IS UNAVAILABLE FOR SUCH APPOINTMENT, SUCH APPOINTMENT MAY BE GIVEN TO ANY QUALIFIED VETERAN. EACH SUCH SPECIALIST SHALL BE COMPENSATED AT A RATE NOT LESS THAT THE RATE PRESCRIBED FOR AN ENTRY LEVEL PROFESSIONAL IN THE STATE GOVERNMENT OF THE STATE CONCERNED.
 (2) SPECIALISTS APPOINTED PURSUANT TO THIS SUBSECTION SHALL BE IN ADDITION TO AND SHALL NOT SUPPLANT EMPLOYEES ASSIGNED TO LOCAL EMPLOYMENT SERVICE OFFICES PURSUANT TO SECTION 4104 OF THIS TITLE."
(EMPHASIS ADDED.)
TITLE 38 U.S.C.A. 4104 PROVIDES FOR THE EMPLOYMENT OF LOCAL VETERANS' EMPLOYMENT REPRESENTATIVES AT THE STATE LEVEL. IN ADDITION, SECTION 4104(A)(4) PROVIDES:
 "IN THE APPOINTMENT OF LOCAL VETERANS' EMPLOYMENT REPRESENTATIVES ON OR AFTER JULY 1, 1988, PREFERENCE SHALL BE GIVEN TO QUALIFIED ELIGIBLE VETERANS OR ELIGIBLE PERSONS. PREFERENCE HALL BE ACCORDED FIRST TO QUALIFIED ELIGIBLE SERVICE-CONNECTED DISABLED VETERAN; THEN, IF NO SUCH DISABLED PERSON IS AVAILABLE, TO QUALIFIED ELIGIBLE VETERANS: AND IF NO SUCH ELIGIBLE VETERAN IS AVAILABLE, THEN TO QUALIFIED ELIGIBLE PERSONS."
(EMPHASIS ADDED.)
TITLE 74 O.S. 840.1 ET SEQ, CODIFIED EMPLOYMENT PRACTICES OF THE STATE OF OKLAHOMA IN THE CLASSIFIED AND UNCLASSIFIED SERVICE. THE PURPOSE OF THE OKLAHOMA PERSONNEL ACT (THE "ACT") WAS IN PART TO REGULATE HIRING PRACTICES OF STATE CLASSIFIED EMPLOYEES (74 O.S. 840.2 (1991)) AND ASSURE IMPARTIAL CONSIDERATION OF APPLICANTS (74 O.S. 840.5 (1991)) PURSUANT TO ENTRANCE EXAMINATIONS USED TO DETERMINE ELIGIBILITY OF APPLICANTS (74 O.S. 840.19). 74 O.S. 841.19(A) OF THE ACT SPECIFIES THAT IT IS THE INTENT OF THE LEGISLATURE THAT AGENCIES ADOPT A PROMOTE-FROM-WITHIN POLICY OVER OUTSIDE APPLICANTS AND FACTOR IN SENIORITY PROMOTIONAL PLANS.
A REVIEW OF THE ACT ALSO INDICATES THAT THE OKLAHOMA LEGISLATURE ANTICIPATED POTENTIAL CONFLICTS WITH FEDERAL GRANTS AND PROGRAMS IN THIS STATE. SECTION 74 O.S. 840.11 OF THE ACT PROVIDES:
 "A. IF ANY PART OF THIS ACT IS FOUND TO BE IN CONFLICT WITH FEDERAL REQUIREMENTS WHICH ARE A CONDITION PRECEDENT TO THE ALLOCATION OF FEDERAL FUNDS TO THE STATE, THE CONFLICTING PART OF THIS ACT SHALL BE INOPERATIVE SOLELY TO THE EXTENT OF THE CONFLICT AND WITH RESPECT TO THE AGENCIES DIRECTLY AFFECTED, AND SUCH FINDINGS SHALL NOT AFFECT THE OPERATION OF THE REMAINDER OF THIS ACT IN ITS APPLICATION TO THE AGENCIES CONCERNED.
 B. NOTWITHSTANDING ANY PROVISIONS IN THIS ACT TO THE CONTRARY, NO REGULATION SHALL BE ADOPTED WHICH WOULD DEPRIVE THE STATE OF FEDERAL GRANTS OR OTHER FORMS OF FINANCIAL ASSISTANCE, AND THE RULE AND REGULATIONS PROMULGATED HEREUNDER SHALL INCLUDE STANDARDS, PROVISIONS, TERMS AND CONDITIONS FOR PERSONNEL ENGAGED IN THE ADMINISTRATION OF FEDERALLY AIDED PROGRAMS, WHICH SHALL, IN ALL RESPECTS, COMPLY WITH THE NECESSARY REQUIREMENTS FOR A QUALIFIED PERSONNEL SYSTEM UNDER STANDARDS APPLICABLE TO PERSONNEL ENGAGED IN THE ADMINISTRATION OF FEDERALLY AIDED PROGRAMS."
THE RULES OF STATUTORY CONSTRUCTION IN OKLAHOMA REQUIRE THAT THE LEGISLATIVE INTENT WHICH UNDERLIES A STATUTE BE GIVEN EFFECT. SESS V. EXCISE BOARD OF MCCURTAIN COUNTY, 698 P.2D 930 (OKLA.1985). WORDS IN A STATUTE, IN THE ABSENCE OF A CONTRARY LEGISLATIVE DEFINITION, MUST BE GIVEN THE SAME MEANING ATTRIBUTED TO THEM IN ORDINARY PARLANCE. STATE EX REL. CARTWRIGHT V. GEORGIA-PACIFIC CORP., 663 P.2D 718 (OKLA.1982). THIS VERY CLOSELY MIRRORS THE FEDERAL RULES OF CONSTRUCTION. THE UNITED STATES SUPREME COURT HAS RULED THAT COURTS AND FEDERAL AGENCIES MUST GIVE EFFECT TO THE UNAMBIGUOUSLY EXPRESSED INTENT OF CONGRESS. NORFOLK AND WESTERN RAILROAD CO. V. AMERICAN TRAIN DISPATCHERS ASSOCIATION, 111 S. CT. 1156, U.S., 113.ED. 2D 95 (1991). TO DETERMINE THE INTENT OF A STATUTE, A COURT MUST LOOK NOT ONLY TO THE PARTICULAR LANGUAGE THEREOF, BUT ALSO TO THE DESIGN OF A STATUTE AS A WHOLE AND TO ITS OBJECT AND POLICY. CRANDON V. U.S., 110 S.CT. 997, 494 U.S. 152, 108 L.ED.2D 132 (1991).
IN THE PRESENT INQUIRY, THERE IS A POTENTIAL CONFLICT BETWEEN THE FEDERAL ACT AND THE OKLAHOMA PERSONNEL ACT, IN THAT THE FEDERAL ACT PLACES LIMITATIONS ON WHO MAY APPLY FOR JOBS, WHILE IT IS THE GOAL OF THE OKLAHOMA PERSONNEL ACT TO FILL JOBS, AMONG OTHER THINGS, BASED UPON MERIT. 74 O.S. 840.2. AS SUCH, IT IS USEFUL TO NOTE THAT ARTICLE 6, CLAUSE 2 OF THE CONSTITUTION OF THE UNITED STATE PROVIDES:
 "THIS CONSTITUTION, AND THE LAWS OF THE UNITED STATES WHICH SHALL BE MADE IN PURSUANCE THEREOF; AND ALL TREATIES MADE, OR WHICH SHALL BE MADE, UNDER THE AUTHORITY OF THE UNITED STATES, SHALL BE THE SUPREME LAW OF THE LAND; AND THE JUDGES IN EVERY STATE SHALL BE BOUND THEREBY, ANY THING IN THE CONSTITUTION OR LAWS OF ANY STATE TO THE CONTRARY NOTWITHSTANDING."
THE SUPREME COURT HAS HELD THAT CONGRESS' POWER TO LEGISLATE IN THE AREA OF LABOR RELATIONS IS LONG ESTABLISHED. HOWEVER, THE COURT FOUND THAT CONGRESS HAS NEVER EXERCISED AUTHORITY OVER THE ENTIRE AREA OF LABOR LEGISLATION. WHETHER A CERTAIN STATE ACTION IS PREEMPTED IS A QUESTION OF CONGRESSIONAL INTENT. ALLIS-CHALMERS CORP. V. LUECK, 105 S.CT. 1904,471 U.S. 202, 85 L.ED.2D 206 (1985). A STATE IS PREEMPTED FROM REGULATING ONLY CONDUCT WHICH PLAINLY FALLS WITHIN THE SCOPE OF FEDERAL LABOR REGULATIONS. MAYON V. SOUTHERN PACIFIC TRANSPORTATION CO., 805 F.2D 1250 (5TH CIR. 1986).
A REVIEW OF TITLE 38 U.S.C.A. 4100 ET SEQ. DOES NOT INDICATE ANY CONGRESSIONAL INTENT TO PREEMPT THE OKLAHOMA PERSONNEL ACT. AS SUCH, BOTH SHOULD BE GIVEN EFFECT, IF POSSIBLE. 74 O.S. 840.11 (1991). THE FEDERAL ACT DOES, HOWEVER, SET SPECIFICATIONS AND LIMITATIONS AS TO PERSONS HIRED BY OKLAHOMA WITH FEDERAL FUNDS. SECTION 4103A OF THE FEDERAL ACT REQUIRES THAT ANY PERSON HIRED THEREUNDER MUST, AT A MINIMUM, BE A VETERAN. 38 U.S.C.A. 4104 REQUIRES A PREFERENCE BE MADE FOR VARIOUS VETERAN CLASSIFICATIONS; HOWEVER, WHERE NO VETERAN IS AVAILABLE, A QUALIFIED NON-VETERAN MAY BE APPOINTED.
SINCE IT DOES NOT APPEAR THAT THESE REQUIREMENTS PREEMPT OKLAHOMA LAW, IT IS NECESSARY TO LOOK AT THE OKLAHOMA PERSONNEL ACT FOR ADDITIONAL INSIGHT. IN THAT FUNDS FOR THESE APPOINTMENTS ARE CONDITIONED UPON COMPLIANCE WITH FEDERAL HIRING REQUIREMENTS, THE PROVISIONS OF SECTION 74 O.S. 840.11 OF TITLE 74 ALLOW THE OESC TO FIND THAT CONFLICTING PROVISIONS OF THE OKLAHOMA ACT BE RENDERED INOPERATIVE IN ORDER TO MAINTAIN OKLAHOMA'S ELIGIBILITY FOR FEDERAL FUNDS AND GRANTS. THIS WOULD ALLOW THE OESC TO PROHIBIT NON VETERANS FROM APPLYING FOR A POSITION WHERE FEDERAL SPECIFICATIONS CONDITION FUNDING ON THE HIRING OF A VETERAN ONLY. 38 U.S.C.A. 4103A. IT WOULD ALSO ALLOW THE OESC TO GIVE PREFERENCES TO VETERANS OUTSIDE OF THE AGENCY CONTRARY TO SECTION 74 O.S. 841.19(A) OF THE ACT IF THERE ARE NO QUALIFIED VETERANS WITHIN THE AGENCY. ONLY WHEN NO QUALIFIED VETERAN, WITHIN OR WITHOUT THE AGENCY, IS FOUND MAY THE OESC PROMOTE A NON-VETERAN FROM WITHIN THE AGENCY.38 U.S.C.A. 4104.
IN OTHER WORDS, OESC MUST COMPLY WITH BOTH STATE AND FEDERAL LAWS AS MUCH AS POSSIBLE. OESC MAY DEFER TO FEDERAL REQUIREMENTS AND DETERMINE PORTIONS OF OKLAHOMA LAW TO BE INOPERATIVE ONLY IN ORDER TO MAINTAIN FEDERAL FUNDING FOR THOSE POSITIONS. 74 O.S. 840.11.
THIS IS ALSO CONSISTENT WITH THE GOAL OF THE LEGISLATURE TO PROVIDE CERTAIN PREFERENCES FOR VETERANS IN HIRING PRACTICES IN THIS STATE. THE OKLAHOMA PERSONNEL ACT CONTAINS SEVERAL METHODS BY WHICH VETERANS MAY BE GRANTED EMPLOYMENT PREFERENCES OVER OTHER APPLICANTS. FOR EXAMPLE, 74 O.S. 841.15 (19910 PROVIDES THAT THE OFFICE OF PERSONNEL MANAGEMENT ("OPM") MAY ADD FIVE POINTS TO THE FINAL SCORE OF THE ENTRANCE EXAMINATION ADMINISTERED BY OPM OF ANY VETERAN OR UNREMARRIED SURVIVING SPOUSE OF A VETERAN AND FIVE OR TEN POINTS MAY BE ADDED TO THE FINAL SCORE OF THE ENTRANCE EXAMINATION OF CERTAIN DISABLED WAR VETERANS. IN ADDITION, TITLE 72 O.S. 401 OF THE OKLAHOMA STATUTES, THE OKLAHOMA SPECIAL DISABLED VETERANS EMPLOYMENT ACT, PROVIDES CERTAIN EXEMPTIONS FROM ENTRANCE EXAMINATIONS TO VETERANS WHO HAVE A 30% OR GREATER SERVICE CONNECTED DISABILITY.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION MAY LIMIT ITS REVIEW AND ACCEPTANCE OF APPLICATIONS FOR POSITIONS FUNDED PURSUANT TO 38 U.S.C.A. 4100 ET SEG. TO PERSONS QUALIFIED FOR THOSE POSITIONS PURSUANT TO 38 U.S.C.A. 4103A
AND 38 U.S.C.A. 4104. THE OKLAHOMA EMPLOYMENT SECURITY MUST COMPLY, TO THE FULLEST EXTENT POSSIBLE, WITH THE PROVISIONS OF THE OKLAHOMA PERSONNEL ACT, 74 O.S. 840.1 ET SEQ., AND WITH TITLE 38 U.S.C. 4100 ET SEG. THE LIMITATIONS OF 38 U.S.C. 4103A, WHICH PROHIBIT THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION FROM HIRING A NON-VETERAN FOR THE POSITION CREATED BY THAT SECTION, WOULD PREVENT THE OESC ACCEPTING AN APPLICATION FOR THAT POSITION FROM ANY NON-VETERAN, ALTHOUGH THAT SECTION DOES MAKE PROVISION FOR THE HIRING, UNDER CERTAIN CIRCUMSTANCES, OF NON-DISABLED VETERANS AND NON-VIETNAM VETERANS. THE LIMITATIONS OF 38 U.S.C. 4104, WHICH REQUIRE THE OESC TO GIVE PREFERENCE FIRST TO VARIOUS QUALIFIED VETERAN AND THEN TO A QUALIFIED NON-VETERAN ELIGIBLE PERSON, MUST BE COMPLIED WITH AS EXPRESSED IN THAT SECTION.
 2. THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION MAY OPEN POSITIONS TO APPLICANTS OUTSIDE OF THE OESC AND OTHER STATE AGENCIES IF SUCH ACTION IS NECESSARY TO COMPLY WITH THE REQUIREMENTS OF 38 U.S.C. 4100 ET SEQ.
(JAMES ROBERT JOHNSON)